1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL NATIONAL
     MORTGAGE ASSOCIATION,
11   et al.,

12              Plaintiffs,                    No. 12-cv-1353 KJM DAD PS

13        vs.

14   JOHN H. EUGENE, JR.;            ORDER AND
     JUDY EUGENE,                    FINDINGS AND RECOMMENDATIONS
15

16              Defendants.

17   _____/

18              This civil action was opened when, on May 18, 2012, John Eugene, Jr. and Judy

19   Eugene, proceeding pro se, filed with this court, among other things, a document styled

20   "JUDICIAL NOTICE OF ADJUDICATIVE FACTS."  (Doc. No. 1 at 1.)  However, from that

21   filing it is unclear with the Eugenes are attempting to initiate a new action or seeking to remove

22   an action filed against in state court them by the Federal National Mortgage Association (Fannie

23   Mae).  The action has therefore been referred to the undersigned in accordance with Local Rule

24   302(c)(21) and 28 U.S.C. § 636(b)(1).

25              A filing fee of $350.00 is required to commence a civil action in a federal district

26   court.  28 U.S.C. § 1914(a).  The court may authorize the commencement of an action without

                                                1

1   prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating

2   inability to pay.  28 U.S.C. § 1915(a).  Judy Eugene has filed an application to proceed in forma

3   pauperis.  (Doc. No. 2.)  The court finds, however, that Judy Eugene has failed to make the

4   showing required by 28 U.S.C. § 1915.

5            In this regard, Judy Eugene indicates that she receives wages of $650 per week,

6   has $500 in cash or in a checking or savings account, owns "automobiles," and that her regularly

7   monthly expenses consist only of "utilities."  (Doc. No. 2 at 2.)  Although Judy Eugene's

8   application names two persons who are dependent upon her for support, she does not state how

9   much she contributes to their support.  In this regard, Judy Eugene has not demonstrated that she

10  is unable to pay the $350 filing fee for this action.

11           Moreover, even if she were to make such a showing, the court would not grant her

12  leave to proceed in forma pauperis unless John Eugene, Jr., also demonstrated indigence.  In this

13  regard, filing fees must be paid unless each party applies for and is granted leave to proceed in

14  forma pauperis.  Accordingly, Judy Eugene's application to proceed in forma pauperis will be

15  denied.

16           Turning to the documents filed by the Eugenes, the court notes that the Civil

17  Cover Sheet filed by defendants indicates that the origin of this action is "Removed from State

18  Court."  (Doc. No. 1-4 at 1.)  It is well established that the statutes governing removal

19  jurisdiction must be "strictly construed against removal."  Libhart v. Santa Monica Dairy Co.,

20  592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,

21  108 (1941)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

22  removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The

23  burden of establishing federal jurisdiction falls on the party invoking removal.'"  Harris v.

24  Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life

25  Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  Moreover, "the existence of federal jurisdiction

26  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those

1    claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108,

2    1113 (9th Cir. 2000).  Where it appears that the district court lacks subject matter jurisdiction

3    over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

4              Here, in addition to roughly 100 pages of exhibits, the Eugenes have filed a

5    largely incoherent document styled "JUDICIAL NOTICE OF ADJUDICATIVE FACTS."  (Doc.

6    No. 1 at 1.)  That document refers to "Unlawful Detainer Case Number: 11UD09909."  (Id. at 7.)

7    Moreover, attached to the "JUDICIAL NOTICE OF ADJUDICATIVE FACTS" are several

8    documents from an unlawful detainer action filed in the Sacramento County Superior Court,

9    bearing Case No. 11UD09909, including the Eugenes answer to Fannie Mae's complaint filed in

10   the Sacramento County Superior Court.  (Id. at 15, 22, 25.)  Not included with the Eugenes'

11   filing, however, is a copy of the complaint filed in that state court action.

12             Nonetheless, it is evident from the number assigned to the case in state court and

13   the documents filed by the Eugenes that the matter is an unlawful detainer action.  The court

14   finds that the Eugenes have failed to demonstrate that Fannie Mae's state court complaint alleges

15   any claims other than those typically alleged in a garden-variety unlawful detainer action filed by

16   a property owner against the former owner of property located in California, based wholly on

17   California law.  The Eugenes have not shown that Fannie Mae's complaint involves any "claim

18   or right arising under the Constitution, treaties or laws of the United States" that would have

19   permitted Fannie Mae to file this action originally in federal court.  See 28 U.S.C. § 1441(b).

20             Accordingly, the court finds that the Eugenes have failed to meet their burden of

21   establishing a basis for federal jurisdiction.

22             IT IS HEREBY ORDERED that Judy Eugene's application to proceed in forma

23   pauperis (Doc. No. 2) is denied.

24             IT IS HEREBY RECOMMENDED that this action be summarily remanded to the

25   Superior Court of California, County of Sacramento and this case be closed.

26   /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  days after being served with these findings and recommendations, the Eugenes may file any

4  written objections with the court.[1]  A document presenting objections should be titled

5  "Objections to Magistrate Judge's Findings and Recommendations."

6  DATED: September 10, 2012.

7

8    _____

9    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13  DAD:6
    Ddad1\orders.pro se\FNMA-eugene1353.f&r.remand.ud

14

15

16

17

18

19

20

21

22

23

24

---

25    [1]  If the Eugenes are not attempting to remove the state court action filed against them to
    this court but instead attempting to initiate a new action of their own, they may so explain in any
26  objections they elect to file to these findings and recommendations.

4